UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KALILAH JONES, *Plaintiff*, v. FACTORTRUST, INC., *Defendant*. | Case No: 8:24-cv-1748 JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Kalilah Jones ("Ms. Jones"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, FactorTrust, Inc. ("FactorTrust"), stating as follows:

## DESCRIPTION OF THE CASE

1. This is an action brought by Ms. Jones against FactorTrust for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. FactorTrust is a subsidiary of Trans Union LLC, and itself a Consumer Reporting Agency. FactorTrust specializes in subprime and deep subprime lending.

3. The FCRA, § 1681c(a)(4), limits the reporting period for delinquent information, such as a charged-off auto loan, to seven years, which period beings 180 days after the commencement of the delinquency which immediately preceded the charge to profit and loss.

4. Despite this statutory limitation on the reporting of adverse information, FactorTrust failed to implement reasonable procedures (or any procedures at all) to purge tradelines concerning data furnished to it by United Auto Credit Corporation ("United Auto") after the expiration of the seven-year reporting period.

5. As a result of FactorTrust's conduct, Ms. Jones has outdated, adverse information on consumer reports sold by FactorTrust to her creditors and potential creditors, adversely affecting her credit scores and ability to obtain and maintain credit.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction for Plaintiff's FCRA claims arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

8. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this cause of action occurred within Florida, including in this District and Division.

## PARTIES

9. Ms. Jones is a natural person residing in the City of Lakeland, Polk County, Florida.

10. Ms. Jones is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

11. FactorTrust is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

12. FactorTrust's Delaware registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

13. FactorTrust is a *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

14. On or about May 7, 2012, FactorTrust began maintaining a credit file on Ms. Jones.

15. On or about May 28, 2015, Ms. Jones obtained an auto loan from United Auto.

16. United Auto thereafter furnished information regarding the Loan to the major CRAs, including Equifax.

17. By August 2016, Plaintiff's loan was 30 or more days past due.

18. Plaintiff's loan was never again brought current.

19. The balance on the loan was charged off by United Auto in November 2016.

20. As the United Auto loan went 30-days past due in August 2016 and was never again brought current, the "date of first delinquency" ("DOFD") was August 2016.

21. The commencement of this delinquency in August 2016 was the event which preceded the charge-off of the loan.

22. United Auto periodically furnished data to Trans Union, FactorTrust's parent company, about Plaintiff's loan.

23. United Auto reported to Trans Union – the parent company of defendant FactorTrust -- that Plaintiff's loan was 30 days late in August 2016 and never brought current thereafter.

24. United Auto also furnished information regarding the loan to FactorTrust.

25. United Auto reported the term of the loan was "1" day, which FactorTrust should have known, on its face, to be false, since it is virtually axiomatic that a sub-prime consumer auto finance company does not make loans with a 24-hour loan term.

26. FactorTrust therefore should have been aware the loan was delinquent in August 2016, when the loan first became 30 days past due.

27. FactorTrust should have ceased reporting Plaintiff's loan as of August 2023.

28. As of the filing of this Complaint, FactorTrust continues to include Plaintiff's loan in consumer reports sold regarding Plaintiff.

29. FactorTrust sold a consumer report regarding Ms. Jones to Layma, LLC on January 20, 2024.

30. On information and belief, FactorTrust's report to Layma included the United Auto tradeline, well after it should have aged off Ms. Jones' report.

31. FactorTrust also sold three reports to The General Auto Insurance via Trans Union on October 2, October 12, and October 13, 2023.

32. On information and belief, FactorTrust's report to The General Auto Insurance included the United Auto tradeline, well after it should have aged off Ms. Jones' report.

33. As a result, Ms. Jones auto insurance rates and terms were also affected by FactorTrust's failure to purge the United Auto tradeline as it was legally required to do.

34. The sale of consumer credit reports to Ms. Jones potential lenders and insurers containing derogatory tradeline information without any DOFDs, and which contains a 48-month car loan reported as having a "1" day repayment term, is inherently unreasonable.

35. The failure to include DOFDs in consumer reports is in and of itself an unreasonable practice since in many instances, it will render the tradeline data materially misleading when a debt reports with and older DOFD but a newer "last reported" date, since a reasonable reader would assume the "last reported" date is the DOFD, unless advised otherwise.

## FactorTrust's Unreasonable Procedures

36. The FCRA requires any entity that furnishes information about a delinquent account to provide the CRA, within 90 days of delinquency, the date of first delinquency on the account. *See* § 1681s-2(a)(5)(A).

37. Consistent with this requirement, United Auto reported a DOFD of August 1, 2016 for Plaintiff's loan to each of Equifax, Experian, Trans Union and FactorTrust.

38. Equifax, Experian, Trans Union purged the United Auto tradeline as obsolete on or prior to August 1, 2016.

39. FactorTrust was the lone outlier and did not purge the tradeline *at all*.

40. Unlike its parent company, Trans Union, FactorTrust employs almost no procedures to ensure maximum possible accuracy of reports sold, and lacks procedures to purge stale, obsolete data that is past the reporting period.

41. FactorTrust, a subsidiary of Trans Union, has policies and procedures starkly in contrast to those of its parent company.

42. FactorTrust and Trans Union share financial resources.

43. FactorTrust and Trans Union share employees.

44. FactorTrust and Trans Union share data.

45. FactorTrust and Trans Union share legal counsel.

46. FactorTrust is effectively controlled by Trans Union.

47. Trans Union received identical data from United Auto as FactorTrust.

48. Despite this, Trans Union deleted the United Auto tradeline prior to August 2023.

49. Trans Union enforces Metro 2 reporting guidelines, which are set forth in the *Credit Reporting Resource Guide*, a resource which covers nearly every conceivable credit-reporting situation and question which might arise.

50. Notably, Metro 2 guidelines require data furnishers to report a DOFD immediately upon the reporting of any late payment history.

51. By contrast, FactorTrust requires no such compliance with Metro 2 guidelines.

52. FactorTrust routinely and regularly obtains credit reports from its parent company, Trans Union.

53. FactorTrust was therefore also placed on notice of the DOFD from Trans Union.

54. The FCRA is clear in its requirement that FactorTrust, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

55. FactorTrust was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Jones.

56. FactorTrust's credit reports containing the adverse United Auto tradeline, claiming balances from 2016 are still past-due and owing, have negatively impacted Ms. Jones's credit score and ability to obtain new credit.

### **FactorTrust Fails to Disclose All Information In Credit File**

57. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Jones's request, FactorTrust was required to "clearly and accurately" disclose all information in Ms. Jones's file at the time of his request, as well as the sources of information relied upon.

58. The failure to include the date an adverse account will be deleted as obsolete inherently renders the disclosure incomplete, inaccurate, and unclear. See, e.g., *Gillespie v. Equifax*, 484 F.3d 938 (7th Cir. 2007).

59. FactorTrust's consumer disclosures *never* include DOFDs, purge dates, or other information which would reasonably inform a consumer when the account is going to be deleted from his/her file.

60. Thus, Plaintiff had no way of knowing when (or even if) an account is going to be purged due to the running of the reporting period.

61. As a result of FactorTrust's failures, Plaintiff was deprived of information reasonably required to dispute inaccuracies on her report.

62. Plaintiff has suffered severe emotional distress upon learning that a loan first delinquent in 2016 continues to affect her credit history and reports.

63. Plaintiff has also spent time and money forcing the defendant to comply with its statutory obligations and finding and engaging counsel.

64. Ms. Jones has hired the undersigned law firm to represent her in this matter and has assigned them her right to obtain reimbursement for her reasonable fees and costs.

### COUNT I
### FACTORTRUST'S WILLFUL VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681c(a)(4)

65. Plaintiff adopts and incorporates Paragraphs 1 – 64 as if fully restated herein.

66. FactorTrust violated **15 U.S.C. § 1681c(a)(4)** when it failed to remove the charged-off United Auto tradeline from Plaintiff's credit file, after the running of the reporting period.

67. FactorTrust's conduct was willful and intentional, or, alternatively, was done with reckless disregard for its duties under the FCRA to purge adverse credit information.

68. Accordingly, FactorTrust is liable, pursuant to 15 U.S.C. § 1681n, for the greater of statutory damages of $1,000 per incident and Ms. Jones' actual damages, plus punitive damages, reasonable attorneys' fees, and costs.

WHEREFORE, Ms. Jones respectfully requests that the Honorable Court enter judgment against FactorTrust for:

a. The greater of statutory damages of $1,000 per incident and Ms. Jones' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT II
## FACTORTRUST'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681c(a)(4)

*Pled in the alternative to Count I*

69. Plaintiff adopts and incorporates Paragraphs 1 – 64 as if fully restated herein.

70. FactorTrust owed Ms. Jones a legal duty to purge obsolete adverse credit information from her credit file after seven years.

71. FactorTrust breached this duty when it failed to remove the charged-off United Auto tradeline from Plaintiff's credit file, after the running of the reporting period.

72. FactorTrust thus violated 15 U.S.C. § 1681c(a)(4), and as a result, FactorTrust is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Jones' actual damages, reasonable attorneys' fees, and costs.

WHEREFORE, Ms. Jones respectfully requests that the Honorable Court enter judgment against FactorTrust for:

    a.    Ms. Jones' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## COUNT III
## FACTORTRUST'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)

73. Plaintiff adopts and incorporates Paragraphs 1 – 64 as if fully restated herein.

74. FactorTrust violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Plaintiff when FactorTrust sold reports which included a United Auto loan with a DOFD of August 2016, despite the running of the seven-year reporting period, and despite the fact a four-year car loan was reported as having a "1" day repayment period.

75. FactorTrust has been sued before for including tradelines well past the end of the reporting period and is thus aware its procedures are flawed.

76. Moreover, the deletion of information after the running of the reporting period is one of the hallmarks of the FCRA and something FactorTrust should be aware of at all times.

77. FactorTrust's conduct was willful and intentional, or, alternatively, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm to Plaintiff and the United Auto Class.

78. Accordingly, FactorTrust is liable, pursuant to 15 U.S.C. § 1681n, for the greater of statutory damages of $1,000 per incident and Ms. Jones' actual damages, plus punitive damages, reasonable attorneys' fees, and costs.

WHEREFORE, Ms. Jones respectfully requests that the Honorable Court enter judgment against FactorTrust for:

a. The greater of statutory damages of $1,000 per incident and Ms. Jones' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT IV
## FACTORTRUST'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)

*Pled in the alternative to Count III*

79. Plaintiff adopts and incorporates Paragraphs 1 – 64 as if fully restated herein.

80. FactorTrust owed Ms. Jones a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports sold, regarding Ms. Jones.

81. FactorTrust breached this duty when it sold reports containing the United Auto tradeline after its purge date and when such information had not been

updated in over 4 years, and contained clearly-absurd information like a four-year car loan having a "1" day repayment period.

82. FactorTrust thus violated 15 U.S.C. § 1681e(b), and as a result, FactorTrust is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Jones' actual damages, reasonable attorneys' fees, and costs.

WHEREFORE, Ms. Jones respectfully requests that the Honorable Court enter judgment against FactorTrust for:

    a.    Ms. Jones' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## COUNT V
## FACTORTRUST'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681g(a)(1)

83. Plaintiff adopts and incorporates Paragraphs 1 – 64 as if fully restated herein.

84. FactorTrust violated **15 U.S.C. § 1681g(a)(1)** when responding to Plaintiff's request for her consumer disclosure when it failed to clearly and accurately disclose to Plaintiff, a consumer, *all* of the information in her file at the time of the request. Specifically, FactorTrust disclosed two tradelines without also disclosing their reported DOFD, or any other similar information which would indicate when the

adverse information would be removed from Plaintiff's credit file due to the running of the reporting period.

85. The decision to *not* disclose readily-available information is inherently a willful act.

86. Trans Union, the parent entity which shares many employees with FactorTrust, includes such information it its disclosures to consumers.

87. Accordingly, FactorTrust is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Jones' actual damages and statutory damages of $1,000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

WHEREFORE, Ms. Jones respectfully requests that the Honorable Court enter judgment against FactorTrust for:

a. The greater of statutory damages of $1,000 per incident and Ms. Jones' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT VI
### FACTORTRUST'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681g(a)(1)

*Pled in the alternative to Count V*

88. Plaintiff adopts and incorporates Paragraphs 1 – 64 as if fully restated herein.

89. FactorTrust owed Ms. Jones a legal duty to disclose all of the information in its file regarding Ms. Jones, clearly and accurately, upon her request.

90. FactorTrust breached this duty when it disclosed two tradelines without also disclosing their reported DOFD, or any other similar information which would indicate when the adverse information would be removed from Plaintiff's credit file due to the running of the reporting period.

91. FactorTrust thus violated 15 U.S.C. § 1681g(a)(1), and as a result, FactorTrust is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Jones' actual damages, reasonable attorneys' fees, and costs.

WHEREFORE, Ms. Jones respectfully requests that the Honorable Court enter judgment against FactorTrust for:

a. Ms. Jones' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Jones hereby demands a jury trial on all issues so triable.

Respectfully submitted on July 24, 2024, by:

                                **SERAPH LEGAL, P. A.**

                                */s/ Bryan J. Geiger*
                                Bryan J. Geiger, Esq.
                                Florida Bar Number: 119168
                                2124 W Kennedy Blvd., Suite A
                                Tampa, FL 33606
                                Tel: (813) 321-2348
                                CCok@SeraphLegal.com
                                *Lead Counsel for Plaintiff*